IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CIVIL DIVISION

| | |
|---|---|
| KAREN CAREY<br>3002 Wyndurgh Drive<br>Columbus, OH 43219,<br><br>Plaintiff,<br><br>vs.<br><br>COLUMBUS BOARD OF EDUCATION<br>270 East State Street<br>Columbus, OH 43215,<br><br>and<br><br>COLUMBUS CITY SCHOOLS<br>c/o Dr. Angela Chapman<br>Superintendent of Columbus City Schools<br>270 East State Street<br>Columbus, OH 43215,<br><br>and<br><br>DR. SANDY D. WOMACK, JR.<br>Area Superintendent, Region 3<br>Columbus City Schools<br>270 East State Street<br>Columbus, OH 43215,<br><br>and<br><br>CHRISTY NICKERSON,<br>Principal, South High School<br>Columbus City Schools<br>270 East State Street<br>Columbus, OH 43215,<br><br>and<br><br>BAO LAM<br>Assistant Principal, South High School<br>Columbus City Schools | Case No.:  **Previously Filed Case**<br>**No.** 2:22-cv-03743<br><br>PRESIDING JUDGE: MICHAEL WATSON<br><br>REFERRAL: CHELSEY M. VASCURA<br><br><br>**COMPLAINT (WITH JURY TRIAL DEMAND)** |

COMPLAINT (WITH JURY TRIAL DEMAND) - PAGE 1

270 East Main Street
Columbus, OH 43215

       Defendants.

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("**Title VII**"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("**Title I**") (collectively "**Civil Rights Act**"), to correct unlawful employment practices on the basis of color, and to provide appropriate relief to Karen Carey ("**Plaintiff**" or "**Ms. Carey**") who was adversely affected by such practices. Plaintiff contends that Defendant Columbus Board of Education, Defendant Columbus City Schools, Defendant Dr. Sandy D. Womack, Jr., Defendant Christy Nickerson, and Defendant Bao Lam (collectively, "**Defendants**"), violated the Civil Rights Act by subjecting Ms. Carey, a dark-complexioned, African American employee to a hostile and abusive work environment because of her color and race.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division.

## PARTIES

3. Plaintiff is, and has been, at all times material, a resident of Franklin County, Ohio, and at all times relevant to this Complaint, was employed as Assistant Principal of South High School by Defendants Columbus Board of Education and Columbus City Schools.

COMPLAINT (WITH JURY TRIAL DEMAND) - PAGE 2

4.      Defendant Columbus Board of Education (**"Board"**) is a public employer, and at all times relevant to this Complaint, maintained an administrative office at 270 E. State Street, Franklin County, Columbus, Ohio.

5.      Defendant Columbus City Schools ("**CCS**") is a public employer, and at all times relevant to this Complaint, maintained an administrative office at 270 E. State Street, Franklin County, Columbus, Ohio.

6.      The individual Defendants are sued in their individual capacities, their acts set forth below having been done in the scope and course of their employment as state actors.

7.      Defendant Dr. Angela Chapman, Superintendent of Schools ("**Dr. Chapman**"), reports to the Board and has final policy-making authority for those policies implicated in the acts and omissions of the Defendants set out herein. Dr. Chapman implicitly authorized, approved, and acquiesced in the unlawful conduct of her subordinates set out herein.

8.      Defendant Dr. Sandy D. Womack, Jr. ("**Dr. Womack**") was, at all times material herein, a duly appointed superintendent for Defendant CCS's Region 3, who provides oversight, professional development, implementation, and support of CCS's vision, mission, and goals, and communication between CCS's Chief Transformation Officers and CCS's principals. Dr. Womack was responsible for interviewing and hiring principals and generating employee records, including performance reviews and disciplinary actions. Dr. Womack reported to Dr. Chapman.

9.      Defendant Christy Nickerson ("**Nickerson**") was, at all times material herein, a duly appointed and acting principal at South High School in CCS's Region 3 under the oversight of Dr. Womack. Nickerson reported to Dr. Womack.

COMPLAINT (WITH JURY TRIAL DEMAND) - PAGE 3

10. Defendant Bao Lam ("**Lam**"), at all times material herein, held the administrative position of Assistant Principal to the Ninth and Tenth Grade students at South High School in CCS's Region 3 under the oversight of Dr. Womack. Lam reported to Nickerson.

## FACTS

11. From about September 2, 2020, to July 1, 2022, Ms. Carey was subjected to different terms and conditions of employment than other Assistant Principals at South High School, including but not limited to, being required to work in an isolated room that was converted into her workspace; being disciplined during a staff meeting when invited by Defendant Nickerson to openly share her feelings about the protests and events during civil unrest following George Floyd's death; being excluded from meetings and safety lockdown announcements; being denied an incident report by Nickerson when Ms. Carey's vehicle was damaged by CCS's Supervisor of Safety and Security; being denied a request for a transfer to another school despite availability; and by Defendants conspiring to and disciplining Ms. Carey based on false information, and thereafter disciplining Ms. Carey as insubordinate, without justification.

12. Plaintiff discovered that after Plaintiff filed her first Discrimination Charge with the U.S. Equal Employment Opportunity Commission, in retaliation, Defendant Nickerson intentionally excluded Ms. Carey from administrative meetings by communicating with administrators and Assistant Principals via Defendant Nickerson's cellphone about the dates, times, and locations of those meetings to ensure Ms. Carey would not be present at those meetings.

13. Furthermore, on or about November 3, 2022 (after the filing of the 2022 EEOC Charge and the October 19, 2022, Discrimination Complaint), Ms. Carey became ill and needed to inform Nickerson that she was unable to report to work. Because it was Defendant Nickerson's custom and practice to communicate about school-related matters and arrange meetings with

COMPLAINT (WITH JURY TRIAL DEMAND) - PAGE 4

administrators via text message, Ms. Carey sent Defendant Nickerson a text message indicating that she was ill and would not be able to report to work. In retaliation, on November 3, 2022, Defendants sent Ms. Carey a letter further isolating her from communications that other administrators and Assistant Principals received from Defendant Nickerson by demanding that Ms. Carey no longer communicate with Defendant Nickerson via text message. Letter from Defendants is attached hereto as Exhibit B and fully incorporated herein. Upon information and belief, Defendant Nickerson continued to communicate with all other administrators and Assistant Principals via text message.

## STATEMENT OF CLAIMS

### FIRST CLAIM: FIRST AMENDMENT RETALIATION

14. Plaintiff re-alleges the preceding paragraphs of this Complaint as if fully rewritten herein.

15. This claim is brought pursuant to 42 U.S.C. § 1983 to vindicate rights guaranteed Plaintiff by the First and Fourteenth Amendments to the Constitution of the United States.

16. Plaintiff engaged in expression protected under the First Amendment and also associated with others in such expression.

17. Defendants Nickerson and Dr. Womack aided and abetted by the other named Defendants, retaliated against Plaintiff in taking actions against her set forth herein, and in creating a hostile, abusive, and intimidating work environment, intended to chill her expression and free speech associations.

18. Defendants' illegal and malicious actions have caused Plaintiff to lose income and benefits, suffer loss of reputation and earning capacity, and experience humiliation, loss of self-esteem, and emotional distress.

**SECOND CLAIM: DISCRIMINATION BASED ON COLOR AND RACE**

19. Plaintiff re-alleges the preceding paragraphs of this Complaint as if fully rewritten herein.

20. This claim is brought pursuant to 42 U.S.C. § 1983 to vindicate rights guaranteed to Plaintiff under 42 U.S.C. § 1981.

21. Defendants Nickerson and Dr. Womack aided and abetted by the other named Defendants, retaliated against Plaintiff in taking actions against her set forth herein, and in creating a hostile, abusive, and intimidating work environment.

22. Starting in about September 2020, Defendants violated Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Ms. Carey, a dark-complexioned, African American employee to repeated harassment, based on the color of her skin, by Defendants continued participation in such harassment, and by failing to take prompt remedial action intended to eliminate the harassment after it became aware of the illegal behavior and discriminatory conduct.

23. The effect of the practices complained of in paragraph 11 above has been to deprive Ms. Carey of equal employment opportunities and otherwise adversely affect her status as an employee because of her skin color.

24. Defendants' unlawful employment practices complained of in paragraph 11 above were intentional.

25. Defendants' unlawful employment practices complained of in paragraph 11 above were done with malice or with reckless indifference to Ms. Carey's federally protected rights as a dark-complexioned, African American employee.

26. Defendants' illegal and malicious actions have caused Plaintiff to lose income and benefits, suffer loss of reputation and earning capacity, and experience humiliation, loss of self-esteem, and emotional distress.

### THIRD CLAIM: RETALIATION

27. Plaintiff re-alleges the preceding paragraphs of this Complaint as if fully rewritten herein.

28. This claim is brought pursuant to 42 U.S.C. § 1983 to vindicate rights guaranteed to Plaintiff under 42 U.S.C. § 1981.

29. Defendants Nickerson and Dr. Womack aided and abetted by the other named Defendants, retaliated against Plaintiff in response to her raising complaints of discrimination and causing a hostile, abusive, and intimidating work environment.

30. Defendants' illegal and malicious actions have caused Plaintiff to lose income and benefits, suffer loss of reputation and earning capacity, and experience humiliation, loss of self-esteem, and emotional distress.

### FOURTH CLAIM: DISCRIMINATION UNDER OHIO REVISED CODE CHAPTER 4112

31. Plaintiff re-alleges the preceding paragraphs of this Complaint as if fully rewritten herein.

32. This claim is brought pursuant to R.C. 4112.99 to vindicate rights guarantee to Plaintiff under R.C. 4112.02(A).

33. Defendants discriminated against Plaintiff on the basis of because of her skin color and race, in violation of the law.

COMPLAINT (WITH JURY TRIAL DEMAND) - PAGE 7

34. Defendants' illegal and malicious actions have caused Plaintiff to lose income and benefits, suffer loss of reputation and earning capacity, and experience humiliation, loss of self-esteem, and emotional distress.

### FIFTH CLAIM: RETALIATION

35. Plaintiff re-alleges the preceding paragraphs of this Complaint as if fully rewritten herein.

36. This claim is brought pursuant to R.C. 4112.99 to vindicate the rights guaranteed to Plaintiff under R.C. 4112.02(I).

37. Defendants have retaliated against Plaintiff because she asserted discrimination claims and claims of hostile work environment.

38. Defendants' illegal and malicious actions have caused Plaintiff to lose income, suffer loss of reputation and earning capacity, and experience humiliation, loss of self-esteem, and emotional distress.

### PRAYER FOR RELIEF

The preceding paragraphs are re-alleged and incorporated herein.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

A. Grant a permanent injunction enjoining Defendants and all persons in active concert or participation with them, from engaging in any employment practice which discriminates against Plaintiff on the basis of color or in retaliation;

B. On all Claims, compensatory damages in such amounts as the Jury deems just;

C. On all Claims, punitive damages against the Defendants for their malicious and/or reckless conduct described above, in amounts as the Jury deems just;

  D. An Order requiring Defendant Board of Education to provide training to its administrators and employees regarding color and race discrimination and harassment in the workplace;

  E. An Order requiring the Defendant Board of Education to redact the negative information, disciplinary and other actions from Plaintiff's personnel files;

  F. An award of attorney fees and costs of this action, pursuant to 42 U.S.C. § 1988 and the common law; and

  G. Grant such other equitable relief as the Court deems necessary and proper in the public interest.

            Respectfully submitted,

            /s  *Tonya McCreary Williams*
            Tonya McCreary Williams (0091533)
            **McCreary Law, LLC**
            1580 E. Main St., Columbus, OH 43205
            614.636.6005 (office)
            Contact@McCrearyLawColumbus.com
            *Trial Attorney for Plaintiff Karen Carey*

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by her Complaint.

            /s  *Tonya McCreary Williams*
            Tonya McCreary Williams (0091533)
            *Trial Attorney for Plaintiff Karen Carey*